The Honorable Paul B. Benham, Jr. State Senator P.O. Drawer 477 Marianna, AR 72360
Dear Senator Benham:
This is in response to your request for an opinion concerning fish and game violations. Specifically, you have asked whether when a state game and fish officer issues a violation citation for an infraction occurring in the county, (outside the corporate limits), the ticket may be processed on the city docket in municipal court by the city attorney. You have also asked whether the city would be entitled to retain "that small portion of the cost that it normally retains on city docket matters."
In my opinion the answer to all of your questions is "no." The case may not be heard on the city docket, it may not be prosecuted by the city attorney, and although the municipal clerk is authorized to deduct certain fees, absent agreement the city is entitled to retain no portion for its exclusive benefit because the violation is a criminal one, and did not occur within the corporate limits.
As you have noted, the municipal court has county-wide jurisdiction. A.C.A. 16-11-206 (Supp. 1987). Additionally, it has jurisdiction over the game and fish infraction, if a misdemeanor, by virtue of 16-17-704(2) (Supp. 1987), which grants jurisdiction over misdemeanors committed within the county. But because the violation occurred outside the corporate limits, the case must be resolved on the county docket. A.C.A. 16-10-206(f). The clerk is authorized to levy costs under A.C.A. 16-17-111, and16-17-113, in addition to all other costs properly levied. These costs must be divided or spent by agreement of the city and county. A.C.A. 16-17-111(b) and 16-17-113(b). (The civil fees and costs imposed by A.C.A. 16-17-705 and 16-17-706 are inapplicable to these facts.) Any fines collected must, after authorized deductions, be paid into the county treasury by virtue of 16-17-707(a)(2) and (c), where they will thereafter be forwarded to the State Treasurer for credit to the Game Protection Fund. A.C.A. 15-41-209.
Additionally, A.C.A. 14-42-112(c), and 16-21-115 only give the city attorney authority to prosecute violations occurring within the city limits. The county game or fish violation should thus not be prosecuted by the city attorney.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.